Lazaro E. Fernandez, Esq.,(Bar No. 134430)
Law Office of Lazaro E. Fernandez, Inc.
3600 Lime Street, Suite 326
Riverside, CA 92501
T:(951) 684-4474
F:(951) 684-4625
Email: lef17@pacbell.net

Attorneys for Rosendo Gonzalez
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GHOST VAPES, INC.,<br><br>Debtor. | Case No.: 2:20-bk-13542-SK<br><br>Chapter 7 |
| ROSENDO GONZALEZ,<br>Chapter 7 Trustee<br><br>Plaintiff,<br><br>v.<br><br>GHOST VAPES MANUFACTURING, LIMITED,<br><br>Defendant. | Adv. No.:<br><br>COMPLAINT TO AVOID PREFERENCE [1 U.S.C. § 547]; AND AUTOMATIC PRESERVATION OF AVOIDED TRANSFER [11 U.S.C. § 551]; AND ATTORNEYS FEES AND COSTS.<br><br>Date:<br>Time: [TO BE SET BY SUMMONS]<br>Place: |

TO THE HONORABLE SANDRA KLEIN, U. S. BANKRUPTCY JUDGE:

Rosendo Gonzalez ("Trustee"), the duly appointed chapter 7 trustee in the above-captioned case, complains of Ghost Vapes Manufacturing, Limited ("Ghost Vapes, Ltd.") for preferential transfer, for preservation of avoided transfer, and for attorney's fees and costs, and he represents:

### STATEMENT OF JURISDICTION; VENUE AND PARTIES

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1334(a) and (b), and 28 U.S.C. § 157(a) and (b).

- 1 -

2. This adversary complaint arises out of and is related to the chapter 7 case of Ghost Vapes, Inc., pending before the United States Bankruptcy Court, Central District of California, Western Division, bearing case no. 2:20-bk-13542-SK.

3. This adversary proceeding is governed by part VII of the Federal Rules of Bankruptcy Procedure.

4. The first claim for relief is a core matter pursuant to 28 U.S.C. § 157 (b) (2) (F). The second and third claims for relief are core matters pursuant to 28 U.S.C. § 157 (b) (2) (A) and (O). Venue is appropriate pursuant to 28 U.S.C. § 1409 (a) and (b).

5. Ghost Vapes, Inc. ("debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on or about April 7, 2020. Thereafter, Rosendo Gonzalez ("Trustee") was appointed Chapter 7 Trustee, and at all relevant times has been and is the duly qualified, appointed and acting Chapter 7 Trustee for the above captioned estate. The trustee is informed and believes and based thereon alleges that Ghost Vapes Manufacturing, Limited is an insider of the debtor in the above-captioned case.

6. Based upon a review of the debtor's financial documents provided to the trustee, the trustee is informed and believes and based thereon asserts that on or September 30, 2019, within one (1) year of the debtor's voluntary Chapter 7 bankruptcy filing on April 7, 2020, the debtor made a payment of no less than fifty thousand dollars ($50,000.00) to Ghost Vapes Manufacturing, Limited an insider of the debtor.

7. Trustee asserts that the debtor's payment to this insider, was a voidable preferential payment, subject to avoidance by the trustee and preservation for the benefit of the estate.

**FIRST CLAIM FOR RELIEF**

8. The trustee incorporates and re-alleges paragraphs 1 through 7, inclusive, as though fully set forth herein.

9. The trustee alleges that the transfer of an amount of no less than fifty thousand dollars ($50,000.00) set forth in paragraph 6, constitutes the transfer of an interest in the debtor's personal property that was made to or for the benefit of insider Ghost Vapes Manufacturing, Limited, a creditor of the debtor, for or on account of an antecedent debt owed by the debtor to the defendant,

- 2 -

as set forth set forth in paragraph 6, before the transfer was made.

10. The trustee is informed and believes, and therefore alleges, that as a result of the debtor's transfer of its interest in the monies to the defendant set forth in paragraph 6, the debtor became insolvent or that debtor was insolvent at the time the transfer set forth in paragraph 6 was made.

11. The trustee alleges that the transfer set forth in paragraph 6 was made to an insider of the debtor within one year before the April 7, 2020 voluntary Chapter 7 petition.

12. The trustee alleges that the transfer of the no less than fifty thousand dollars ($50,000.00) monies to the defendant set forth in paragraph 6, enabled the defendant to receive more than it would receive if this case were a case under Chapter 7, the transfer had not been made, and the defendant received payment of its debt to the extent provided by the provision of Title 11.

## SECOND CLAIM FOR RELIEF

13. The Trustee incorporates and alleges paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. Pursuant to the provisions of 11 U.S.C. section 547(b), the trustee is entitled to avoid the transfer of the debtor's monies as set forth above in paragraph 6, and pursuant to Sections 550 and 551 of the Bankruptcy Code, the trustee may recover from and avoid the transfers made to the defendant as set forth above at paragraph 6 and preserve any such recovery for the benefit of the estate.

## THIRD CLAIM FOR RELIEF

15. The Trustee re-alleges paragraphs 1 to 12, inclusive, and incorporates them by reference as though fully set forth herein.

16. The trustee has had to retain counsel to prosecute this action and will incur attorneys' fees and costs in an attempt to recover and preserve the preferential transfer identified above a paragraph 6 for administration for the benefit of the creditors in the above-captioned bankruptcy case.

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, the Chapter 7 trustee prays for money judgment in his favor and against Ghost Vapes Manufacturing, Limited as follows as follows:

## FIRST CLAIM FOR RELIEF

1. That the transfer identified in paragraph 6 be deemed a preferential transfer pursuant to 11 U.S.C. § 547, that it be avoided in its entirety, that the trustee recover the value of the asset transferred in an amount of no less than fifty thousand dollars ($50,000.00), and that any recovery be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551;

2. That Trustee recover money judgment against Ghost Vapes Manufacturing, Limited identified in paragraph 6 in an amount of no less than fifty thousand dollars ($50,000.00);

3. For interest for the use and benefit of the any monetary amount awarded at the legal rate in California from the date of the transfer to the date of delivery to the Trustee;

4. For attorneys fees and costs; and,

5. For such other and further relief as the court deems just, equitable, and proper.

## SECOND CLAIM FOR RELIEF

1. For automatic preservation of the recovered transfer for the benefit of the estate.

## THIRD CLAIM FOR RELIEF

1. For attorney's fees;

2. For costs of suit incurred herein; and,

3. For such other and further relief as the Court deems just, equitable and proper.

Dated: April 7, 2022

Respectfully submitted,
Law Office of Lazaro E. Fernandez, Inc.

By: _____
Lazaro E. Fernandez
Counsel for Rosendo Gonzalez,
Plaintiff and Chapter 7 Trustee,

- 4 -

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Rosendo Gonzalez, Ch. 7 Trustee | **DEFENDANTS**<br>Ghost Vapes Manufacturing, Limited |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lazaro E. Fernandez, Esq. (#134430)<br>3600 Lime Street, Suite 326<br>Riverside, CA 92501<br>T 951-684-4474 | **ATTORNEYS** (If Known)<br>Unknown |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee files suit against Ghost Vapes Manufacturing, Limited, pursuant to 11 U.S.C. section 547(b), for recovery of a preferential payment made by the debtor to its insider within 1 year of the debtor's voluntary Chapter 7 bankruptcy filing and for recovery and preservation of any such transfer pursuant to 11 U.S.C. section 550 and 551 and for attorney's fees and costs.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $50,000.00 |
| Other Relief Sought    Recovery of attorney's fees and costs. | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Ghost Vapes, Inc. | BANKRUPTCY CASE NO.<br>2:20-13542-SK |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central Dist. of California | DIVISION OFFICE<br>Los Angeles || NAME OF JUDGE<br>Hon. Sandra Klein |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>April 7, 2022 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lazaro E. Fernandez ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.